UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANADA GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:13-cv-2043-TWP-DKL |
| | ) |
| EXECUTIVE MANAGEMENT | ) |
| SERVICES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Entry and Order on** *Plaintiff's Motion for Sanctions for Spoilation of Evidence and Violation of the Rules of Civil Procedure and Professional Conduct* **[Dkt. 47]**

Plaintiff moves for sanctions, alleging that defense counsel engaged in the spoliation of evidence, violated the Federal Rules of Civil Procedure and Professional Conduct Rules, and engaged in conduct that "is prejudicial to the administration of justice." [*Pl.'s Mot. For Sanctions* 1.] She also alleges that counsel "refused to accept documents [she] offered as part of Discovery" and of "deprived her of her evidence in violation of the rules." [*Id.*] Defendants filed a response, and Plaintiff filed a reply. For the reasons that follow, the Court finds that the motion should be denied.

*Background*

Plaintiff's Motion first asserts that Defendants' counsel Gregory Guevara

took Plaintiff's original Supervisor's Manual and Counsel was ordered by the court to produce said Manual to Plaintiff within 2 weeks. Counsel did not, Counsel provided a supplemental Manual that was different from Plaintiff's original. The supplemented Manual omits the Employers [sic] hand written inscription regarding conduct and the new Manual on pgs. 22 and 23 has a chain of command, and Leader Training not contained in

>Plaintiff's Manual and appears to have [been] created for the purposes of this litigation.

[*Pl.'s Motion for Sanctions*, page 2, ¶ 1.] Plaintiff argues that "Counsel took Plaintiff's Supervisor's Manual and disarmed Plaintiff who Counsel scheduled a 2nd Deposition without Plaintiff['s] consent or knowledge and required her to answer questions which were related to said Manual, she could not answer these questions. … Counsel's destroying of Plaintiff's original Manual completely disadvantaged Plaintiff during the deposition." [*Id.* ¶ 2.]

Plaintiff argues that "Counsel failed to Preserve Evidence from the employer which should have been triggered by Plaintiff's complaints of discrimination, sexual harassment, and her filing of an EEOC complaint April 9, 2013. Counsel should have foreseen the possible [sic] of litigation and acted in compliance with the law." [*Pl.'s Motion for Sanctions*, page 2, ¶ 3.] This argument is general, nonspecific and fails to hint at what evidence counsel allegedly failed to preserve. The Court, however, assumes that Plaintiff is referring to the version of the Supervisor's Manual in her possession.

Next Plaintiff accuses Defendants' counsel of giving her legal advice as to what documents she needed to provide in discovery. [*Pl.'s Motion for Sanctions*, page 2, ¶ 4.] Defendants respond that counsel advised Plaintiff that she did not have to produce documents that had been produced by Defendants. Then, referring to her September 2, 2014 deposition, Plaintiff states that counsel shifted his position on what documents she had to provide and said "if she had something she wanted to use[,] she should give it to

2

him." [*Pl.'s Motion for Sanctions*, page 3, ¶ 5.] She argues that this "disadvantaged her of preparation time." [*Id.*]

Plaintiff alleges that Defendants' counsel treated her contrary to "the rules which require honest conduct." [*Pl.'s Motion for Sanctions*, page 3, ¶ 6.] She says that he "demonstrated numerous act[s] of bad faith [and] at one point[,] Counsel asked Plaintiff a question about 6 times harassing and badgering her." At other times, she claims, counsel interrupted her, and still others, he said he would come back to a subject, but didn't return to it in order to "mislead Plaintiff." [*Id.*] According to Plaintiff, counsel asked her indirect questions and "presented documents to argue based on [her] responses which is dishonest." [*Id.* ¶ 7.] Yet Plaintiff has not provided the Court with any excerpts of her deposition testimony in support of her bald assertions. These conclusory assertions are insufficient to establish any dishonesty or improper conduct by Defendants' counsel.

The motion asserts that Chris Stolte (the Executive Management Services ("EMS") Human Resources manager) told Plaintiff "if an employee has a problem with another employee she can go and talk to that person" which allegedly was "contrary to the Supervisor's Manual that Counsel took from Plaintiff." [*Pl.'s Motion for Sanctions*, pages 8-9, ¶ 14.] The motion refers to Exhibit ZZ (attached thereto), which is the Supervisor's Manual produced by Plaintiff. Regarding disciplinary problems it states: "Always discuss serious violations with Human Resources prior to meeting with the employee." [*Pl.'s Motion for Sanctions*, Ex. ZZ at 7.] This directive in the *Supervisor's* Manual addresses a *supervisor*'s response to a serious disciplinary violation; it does not purport to address what action an *employee* may take if she has a problem with another employee.

3

Plaintiff's Motion alleges that "Counsel knows Exhibit – I is not an Investigation performed by his Client into any complaint made by Plaintiff" and that "Exhibit #I and Deposition Exhibit #32 are the same document." [*Pl.'s Motion for Sanctions*, page 12, ¶ 17.] Even if these assertions are accurate, the Court is unable to find any impropriety or dishonesty on behalf of Counsel or any violation of any legal or professional rule.

The motion continues:

> Counsel has strategically assembled the documents for his Client's defense that demonstrates the cynically deliberate maneuver which breaches his duty to the law and tribunal where the litigation is slated. Counsel has reasoned the assembling of the evidence supplied by his Client to deceitfully assert a defense that he knows is contrary to law.

[*Id.* ¶ 20.] The allegation in this paragraph is difficult to understand. And such vague, conclusory assertions fail to demonstrate any misconduct by Defendant's counsel.

Plaintiff's Motion also contains argument about her version of various events in the underlying case. [*See Pl.'s Motion for Sanctions*, pages 4-12.] This motion for sanctions is not addressed to the merits of Plaintiff's underlying case. So the Court disregards this information as it has no apparent relationship to the motion for sanctions.

*Discussion*

Plaintiff argues that Defendants' counsel violated Rules 30(d)(1) and 30(5)(c) of the Federal Rules of Civil Procedure and Rules 4.1(a)(b), 4.3(1)(2) and 8.4(c)(d) of the Rules of Professional Conduct. Rule 30 states:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the

>deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d)(1). "The court may impose an appropriate sanction … on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Court has no evidence of a Rule 30 violation. Plaintiff was ordered to appear for her deposition on August 6, 2014. Plaintiff alleges that Defendants' counsel scheduled a second deposition of her without her consent, but she offers no evidence to establish that she did not consent to the alleged second deposition. Although Plaintiff is not happy with the way her deposition was conducted, she has not offered any evidence to support her accusation that Defendants' counsel impeded, delayed, or frustrated fair examination of her, or engaged in any other sanctionable conduct relating to her deposition.

Plaintiff cites Rule 30(5)(c), but no such rule exists. The Court assumes that she intended to refer to Rule 30(b)(5)(C), which concerns an officer's duties after a deposition. *See* Fed. R. Civ. P. 30(b)(5) ("At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript …."). The Court is aware that Plaintiff has claimed that her deposition transcript contains errors or alterations. Nonetheless, she has not shown any violation of Rule 30(b)(5)(C)'s requirements.

Plaintiff argues that Defendants' counsel violated Rules 4.1 and 8.4 of the Rules of Professional Conduct. Those rules provide in part as follows:

5

> **Rule 4.1 Truthfulness in Statements to Others**
> In the course of representing a client a lawyer shall not knowingly:
> (a) Make a false statement of material fact or law to a third person; or
> (b) Fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.
>
> **Rule 8.4 Misconduct**
> It is professional misconduct for a lawyer to: …
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or]
> (d) engage in conduct that is prejudicial to the administration of justice.

Plaintiff has offered nothing to reasonably suggest that counsel violated any of these provisions of the Rules of Professional Conduct.

Plaintiff also argues that counsel violated Rule 4.3, which provides in relevant part:

> **Rule 4.3 Dealing with Unrepresented Persons**
> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested.
> … The lawyer shall not give legal advice to an unrepresented person….

The Comment to Rule 4.3 states in part that "[w]hether a lawyer is giving impermissible advice may depend on … the setting in which the behavior and comments occur." It seems that Plaintiff contends counsel violated the rule by giving her legal advice in July 2014, when she went to his office for purposes of providing access to discovery, and counsel allegedly told her that she did not have to provide documents that he had given to her. This does not constitute legal advice.

The alleged spoliation concerns Plaintiff's copy of an EMS Supervisor's Manual. Plaintiff asserts that Defendants' counsel took her original Supervisor's Manual to copy it, and when the document was returned to her, it was missing every other page.

Defendants maintain that during Plaintiff's deposition on August 6, 2014, she revealed she had a supervisor manual that she thought was relevant to her case. Counsel asked her for a copy of the manual, but she did not have one. So, according to Defendants, with Plaintiff's consent, counsel's information management center made an exact copy of the document that Plaintiff provided and then the document was returned to Plaintiff. Defendants state that counsel Bates-stamped the document received from Plaintiff, referring to Exhibit B to their response. [*See* Dkt. 66-2.]

After her deposition, Plaintiff advised counsel that the original manual she had was a two-sided document, but the document returned to her was one-sided. Counsel checked the copy in his file and saw that it, too, was a one-sided document. Defendants' counsel later offered to obtain a complete copy of the original manual from Defendants and provide it to Plaintiff. However, counsel states that Defendant conducted a search for the document and was unable to find a hard copy or electronic copy, explaining that the prior version had been overwritten on Defendants' system. Defendants provided Plaintiff with an updated, current version of the supervisor's manual.

To justify sanctions for spoliation, a party has to show the intentional destruction of documents in bad faith, which means for the purpose of hiding adverse information. *Norman–Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 428 (7th Cir. 2010); *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). Plaintiff has no such evidence.

A review of Exhibit B to Defendants' Response [Dkt. 66-2] tends to support defense counsel's assertions that an exact copy of the document provided by Plaintiff was made. The pages of Exhibit B are Bates-stamped in the lower right-hand corner with

7

"GARNER_000027" through "Garner_000046." The page numbers marked on the middle of the bottom of the pages are as follows: 4, 8, 10, 12, 14, 15, 18, 20, 22, 24, 26, 28, 30, 37, 39, 41, 43, 45, 51, and 53. The page numbers are not consecutive. The page numbers do not suggest that only one side of a two-page document was copied. If that were the case, one would expect to see all the even-numbered page numbers or all the odd-numbered page numbers. But the page numbers skip around. Thus, it seems that Plaintiff did not provide a complete original of the Supervisor's Manual to counsel for copying.[1]

Nothing reasonably suggests that Defendants' counsel, Defendants, or anyone else intentionally destroyed any document or portion of a document, including the Supervisor's Manual she produced for copying at defense counsel's office. Even if the Court were to assume that Plaintiff handed Defendants' counsel a complete Supervisor's Manual consisting of all pages, that is, a two-sided document, and that pages were misplaced or lost during the copying process, she has offered nothing to reasonably suggest that any pages were *intentionally* destroyed by Defendants' counsel, Defendants, or anyone else, let alone for the purpose of hiding adverse information. Plaintiff cannot establish spoliation.

---

[1] Plaintiff's own assertions provide further support for this conclusion: She stated in her motion for sanctions that "at some point during the deposition Counsel told Plaintiff if she had something she wanted to use she should give it to him. … Plaintiff reached in her bag and scrambled to provide evidence which is why the documents are missing pages. Plaintiff['s] complete file was not in her possession." [*Pl.'s Motion for Sanctions*, page 3 ¶ 5.]

Finally, Plaintiff has given the Court no reason to doubt Defendants' counsel's representations that the version of the manual in Plaintiff's possession is no longer in use by Defendant Executive Management Services, Inc. ("EMS") and that the prior version was overwritten on its system. Defendants' counsel cannot produce a document that no longer exists.

*Conclusion*

Plaintiff has failed to establish any spoliation and she has not shown that Defendants' counsel violated any Rule of Civil Procedure or Professional Conduct, acted in bad faith, or otherwise engaged in sanctionable conduct. Therefore, *Plaintiff's Motion for Sanctions for Spoilation of Evidence and Violation of the Rules of Civil Procedure and Professional Conduct* [Dkt. 47] is **DENIED**.

     **SO ORDERED THIS DATE:** 11/06/2015

*[signature: Denise K. LaRue]*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record
and via First Class U.S. Mail to:

JANADA GARNER
5810 Big Oak Drive
Apt. B
Indianapolis, IN 46254