UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANADA GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-2043-TWP-DKL |
| | ) |
| EXECUTIVE MANAGEMENT SERVICES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

*Report and Recommendation on Cross-Motions for Sanctions* [docs. 100 & 107]

Plaintiff Janada Garner has filed *Plaintiff's Motion for Sanctions for Discovery Abuse and Spoliation of Evidence by the Defendants Executive Management Services Inc. and Counsel for the Defense Greg Guevara* (doc. 100), seeking as a sanction a ruling against Defendants on their motion for summary judgment and additional time for discovery. In responding to the sanctions motion, Defendants filed *Defendants Cross-Motion for Sanctions* (doc. 107), seeking sanctions under the Court's inherent authority against Plaintiff for filing repetitive and vexatious filings, unsubstantiated motions for sanctions and/or motions accusing counsel and Defendants of unethical conduct and bad faith, and motions seeking unwarranted re-opening of discovery or leave to conduct discovery out of time. Defendants seek monetary and injunctive relief against Plaintiff. The Honorable Tanya Walton Pratt, District Judge, has referred the sanctions motions to the undersigned; however, the parties' cross-motions for summary judgment are before the district judge. Therefore, the undersigned issues the following report and recommended disposition

pursuant to 28 U.S.C. § 636(b)(1)(B).  *See Egan v. Freedom Bank*, 659 F.3d 639, 644 (7th Cir. 2011) ("In the absence of a consent, a magistrate judge may only recommend a sanctions disposition to the district court."); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994) (holding that a district judge may not refer a sanctions dispute to a magistrate judge under §636(b)(1)(A) but may refer it for a recommendation under § 636(b)(1)(B) or § 636(b)(3)); *but see Kitty Knapp v. Evgeros, Inc.*, No. 15 C 754, 2016 WL 2755452, at *1-2 (N.D. Ill. May 12, 2016) (concluding that the shifting of expenses under Rule 37(a) is within a magistrate judge's authority).

*Background*

Plaintiff moves for sanctions for alleged discovery abuse and spoliation of evidence by Defendants and defense counsel, Gregory Guevara.  She claims that she encountered resistance from Defendants in cooperating with discovery, that they withheld documents for which no privilege was asserted, and that they provided incomplete responses to interrogatories, or responses such as "ambiguous, vague, and don't understand what the Plaintiff is seeking."  [*Pl's Mot. For Sanctions for Discovery Abuse and Spoliation of Evidence*, doc. 100 at 1.]  In particular, Plaintiff argues that Defendant's alleged failure to locate her Termination Report for nearly two years was "unprofessional, dilatory, and … suggests pretext."  [*Id.* at 2.]  She complains that the Termination Report's "Summary of Incidents" section contains the following "see file for more details" and suggests that some mystery file exists that Defendants have not produced to her.  [*Id.* at 2, ¶¶ 2-3, 5.]  Plaintiff also claims that Executive Management

Services, Inc.'s ("EMS") former Human Resources Manager Chris Stolte signed the Termination Report on November 19, 2013 but post-dated the termination date to November 22, 2013, to suggest that Plaintiff missed three consecutive days from work and was terminated based on the company's attendance policy.

Plaintiff accuses Defendants of "the unethical withholding of" the second page of her Termination Report, which she believes is "material." The report was the subject of Plaintiff's September 30, 2014 motion to compel. [*See* doc. 38.] Following an October 15, 2014 status conference, that motion was denied with respect to the requested discovery since Plaintiff admitted that she had not served Defendants with a formal discovery request for the documents she sought. [*See* doc. 42 at 3.] At that time, the case was stayed as Plaintiff had recently filed new EEOC charges.

On March 24, 2015, Plaintiff filed a motion for sanctions for spoliation of evidence and accused Attorney Guevara of violating of the Federal Rules of Civil Procedure and Indiana Rules of Professional Conduct. [*See* doc. 47.] She accused him of, among other things, "failing to preserve evidence," "disarm[ing] her by not providing the appropriate documents that would allow her to be adequately prepared for her deposition," and of bad faith. [*Id.* 1-3.] Plaintiff was given the opportunity to withdraw that sanctions motion and file a new motion for sanctions with additional allegations, which she initially said she would do, but then changed her mind.

*Plaintiff's Revised Motion for Sanctions for Violations of the Rules of Civil Procedure and Professional Conduct* [doc. 63], filed August 24, 2015, again accused Attorney Guevara of multiple violations of various rules, including "bad faith" violations of the discovery

rules.  [*Id.* at 1.]  On September 4, 2015, the Court struck the motion "as a redundant rehash of what Plaintiff had already raised in her pending motion."  [Doc. 64 at 3.]  The Court explained that it would "be a waste of judicial resources for the same issues to be briefed and addressed on multiple occasions."  [*Id.*]  Later that same day, Plaintiff filed another motion for sanctions, seeking sanctions against Connor Reporting, its principal Andrew Connor, and stenographer Tamara Brown for alleged "multiple violations" of the Federal Rules of Civil Procedure and Rules of Professional Conduct related to Plaintiff's deposition and deposition transcript.  Plaintiff subsequently withdrew that motion.

At an October 23, 2015 status conference, Plaintiff raised a concern that she had requested certain documents in discovery that were not provided by Defendants.  The Court instructed her to inform Defendants' counsel in writing of any document "she believes she requested in her earlier discovery requests which she believes was not provided in Defendants' discovery responses."  [*Entry Tel. Status Conf. Oct. 23, 2015,* doc. 75 at 4.]  The Court set an in-person hearing and conference for November 20, 2015, to review any outstanding discovery issues, and advised that "[o]nly those outstanding issues raised by Plaintiff in her correspondence to counsel will be addressed at this hearing."  [*Id.*]  Plaintiff sent counsel a letter dated October 30, 2015, "as notice of the documents that are missing from the Plaintiff's First Request for Production."  [*Defs.' Resp. Opp'n, Ex. A*, doc. 108-1.]  Although the letter identified several documents that Plaintiff said she had requested and that were not provided; page two of the Termination

4

Report was not among them. Defense counsel responded in writing. [*Id., Ex. B*, doc. 108-2.]

The Court denied Plaintiff's motion for sanctions for spoliation of evidence, finding that she had not shown that defense counsel violated any procedural or professional conduct rules, had not acted in bad faith, and had not otherwise engaged in sanctionable conduct. [*Entry and Order on Plaintiff's Motion for Sanctions for Spoliation of Evidence and Violation of the Rules of Civil Procedure and Professional Conduct*, doc. 78.] Then, just two weeks later, Plaintiff filed two motions to compel discovery and for sanctions, alleging that Defendants had failed to comply with Federal Rules of Civil Procedure 33 and 34 and had refused to cooperate in discovery. [Docs. 83, 84.] One of these motions argued that Defendants failed to produce page two of Plaintiff's Termination Report. [Doc. 84.] Attorney Guevara states that immediately on reviewing that motion for sanctions, he contacted EMS's corporate counsel to inquire about page two. Corporate counsel checked with EMS's Human Resources Manager, who found the original two-sided Termination Report in the file and scanned and emailed a copy of page two to counsel, who then provided the complete two-paged document to Plaintiff before the status conference that afternoon.

At the November 20 hearing and conference, the Court indicated that it would not entertain Plaintiff's two discovery motions filed earlier that day and that, to the extent they raised matters not addressed in Plaintiff's October 30 discovery letter to defense counsel, they were denied. The Court reaffirmed that it had "clearly ordered that only those issues raised in Plaintiff's correspondence to Defendants' counsel would be

5

addressed at the hearing and conference." [*Entry on Nov. 20, 2015 Hearing and Conference*, doc. 86 at 1-2.] Four days later, the Court held a telephonic status conference in this matter during which Attorney Guevara "expressed frustration with Plaintiff's accusations of unprofessional conduct," and the Court warned Plaintiff to "be careful in making representations that challenge counsel's integrity." [*Entry Nov. 24, 2105 Tel. Status Conf.,* doc. 87 at 2.]

Despite that warning, on January 14, 2016, Plaintiff filed yet another motion for sanctions, her sixth such motion in this case. She requests that the Court sanction Defendants "by ruling against [them] on their motion for summary judgment and allow the Plaintiff 60 days additional discover [sic] from the time the Defendant's product [sic] all discover [sic] the Plaintiff is entitled to." [*Pl.'s Mot. Sanctions for Discovery Abuse and Spoliation of Evidence*, doc. 100 at 4.]

The Court previously ordered that to the extent Plaintiff's instant motion for sanctions "revisits argument already rejected by the Court, no response is required from Defendants." [*Order Regarding Defs.' Resp. Pl.'s Mot. Sanctions*, doc. 104 at 1.] However, the Court requested Defendants to respond to Plaintiff's argument that sanctions should be imposed for their failure to produce page two of her Termination Report until the November 20, 2015 conference.

In response to the latest motion for sanctions, Defendants filed a cross-motion for sanctions, asserting that they "have been unnecessarily burdened by having to respond to numerous repetitive and vexatious filings by Ms. Garner." [*Defs.' Cross-Motion Sanctions*, doc. 107 at 1.] They assert that she "has repeatedly filed unsubstantiated

6

motions for sanctions against counsel and/or motions accusing counsel and Defendants of unethical conduct and bad faith, as well as motions seeking unwarranted re-opening of discovery or leave to conduct further discovery out of time." [*Id.*] Defendants seek sanctions under the Court's inherent power against Plaintiff for these abuses, requesting monetary relief in the form of attorney's fees and costs incurred in responding to Plaintiff's sanctions motion as well as injunctive relief. Specifically, they seek to enjoin her from filing additional motions to reopen or conduct further discovery and raising issues previously addressed by the Court. They also seek an order admonishing her that further filings in violation of such an order may result in the dismissal of her lawsuit with prejudice. [*Id.* at 1-2.]

*Discussion*

"Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *U.S. ex rel. Verdone v. Cir. Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995) (per curiam). "'Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Id.* (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). A court has inherent authority to impose sanctions for conduct that abuses the judicial process. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 704 (1991). However, a court must use "caution and restraint in exercising

7

its inherent power." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). (quotation and citation omitted).

No sanctions should be imposed for Defendants' failure to produce page two of Plaintiff's Termination Report until just before the November 20, 2015 conference. Plaintiff asserts that the "withholding of evidence" was intentional and that Defendants "engaged in obstruction in revealing this evidence after discovery closed and well after" the deadline for amendments to the pleadings. [*Pl's Mot. For Sanctions for Discovery Abuse and Spoliation of Evidence*, doc. 100 at 4, ¶¶ 11, 12.] Plaintiff's motion consists of unsupported accusations. She offers no evidence in support of her assertions of bad faith or improper motive on Defendants' or Attorney Guevara's part. Instead, it seems that when copying Plaintiff's file, Defendant inadvertently failed to copy page two of the two-sided document. As soon as Attorney Guevara became aware that there was a page that had not been provided to Plaintiff, it was immediately provided to her. Plaintiff concedes that her October 30, 2015 letter to Defendants' counsel failed to identify page two of her Termination Report as a document that had been requested but was not provided. Had she included page two in her October 30 correspondence, it undoubtedly would have been provided sooner.

Plaintiff claims that "this … of withholding evidence overwhelmingly benefited the Defendants and overwhelmingly burdens Plaintiff." [*Pl's Mot. For Sanctions*, doc. 100 at 4, ¶ 11.] This is nonsense. On page two of the Termination Report in the section for "Summary of Incidents," five words are written: "See file for more details." The page is signed and dated "11/19/13." [Doc. 108-3.] Willie Goldsmith testified that the signature

8

was Chris Stolte's signature. [*Defs.' Resp. Opp'n Pl.'s Mot. Sanctions*, *Ex. C*, doc. 108-3, Dec. 7, 2015, Willie Goldsmith Dep. at 78:12-13.] Page two gives no summary of any incident and provides no reason or explanation for Plaintiff's termination, other than the reference to her file. Thus, page two of the report provides no benefit to Defendants and imposes no burden on Plaintiff.

Plaintiff argues that she could not prove retaliation without the second page of the report. [*Pl's Mot. For Sanctions*, doc. 100 at 4, ¶ 12.] But page two fails to provide any evidence of retaliation whatsoever. Nor does it hint at anything that would suggest discrimination. It merely references "the file," which the Court understands to be Plaintiff's personnel file with EMS, which was otherwise provided to her in discovery.

Next, Plaintiff suggests that the Stolte dated her termination as November 22, 2013, to make it seem as if she missed three consecutive days of work. [*Pl.'s Mot. For Sanctions*, doc. 100 at 2, ¶ 4.] Nothing in the record reasonably suggests that the three-day difference in the dates on the Termination Report had any significance with regard to Plaintiff's termination. Besides, Defendants have not argued that Plaintiff was terminated for missing three days of work from November 19 to 22.

Even assuming that page two was withheld from Plaintiff, she had sufficient time to use the document in discovery. She received page two more than two weeks before her depositions of Stanley Mills and Willie Goldsmith, which were on December 7, 2015. Thus, she could, and *did*, question Mills about it. [*Defs.' Resp. Opp'n Pl.'s Mot. Sanctions*, *Ex. C*, doc. 108-3, Dec. 7, 2015, Willie Goldsmith Dep. at 78:14-20.] Even assuming that Plaintiff had insufficient time to use page two in discovery, she suffered no prejudice. To

9

reiterate, page two offers no explanation for her termination; it merely references the "file for more details." Plaintiff has not shown discovery abuse, spoliation of evidence, or any other improper conduct by Defendants or Attorney Guevara. Her motion for sanctions should be denied.

On the other hand, Defendants' motion for sanctions appears to be well-taken. Plaintiff has filed numerous motions for sanctions against counsel and/or motions and other documents accusing him of bad faith. [*See, e.g.*, *Pl.'s Mot. Compel Production and Motion to Open Discovery*, doc. 38 at 4 (accusing counsel of "unethical tactics" in discovery); *Plaintiff's Motion for Sanctions for Spoliation of Evidence*, doc. 47; *Plaintiff's Motion for Time and Clarity*, doc. 61 at 2 (accusing counsel of "fraud upon the court" and "dishonest tactics"); *Plaintiff's Revised Motion for Sanctions for Violations of the Rules of Civil Procedure and Professional Conduct*, doc. 63; *Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion for Sanctions*, doc. 67 at 1 (asserting counsel used unethical tactics to slant the case to his advantage); *Plaintiff's Motion to Compel Discovery and Motion for Sanctions*, doc. 84; *Plaintiff's Motion to Compel Discovery Rule 33 and Motion for Sanctions for Defendant's Refusal to Cooperate [in] Discovery*, doc. 85; and *Plaintiff's Motion for Sanctions for Discovery Abuse and Spoliation of Evidence by Defendants and Counsel for the Defense*, doc. 100.] Plaintiff has repeatedly sought to re-open discovery, even after the Court had denied her prior motions to re-open discovery. [*See, e.g., Pl.'s Mot. Compel Production and Motion to Open Discovery* doc. 38; *Plaintiff's Motion to Extend Discovery*, doc. 70; P*laintiff's Motion to Explain Complications in Executing Discovery and Requests to Extend Discovery*, doc. 72; *Plaintiff's Motion to Extend Discovery Deadline*, doc. 74; *Plaintiff's Motion for*

*Reconsideration of Her Motion to Extend Initial Disclosures*, doc. 77; *Plaintiff's Motion to Reopen Discovery Based on Newly Discovered Information, doc.* 90; *Plaintiff's Emergency Motion to Continue the Dispositive Motion in Light of Newly Discovered Information and Reopen Discovery*, doc. 92; *Plaintiff's Motion to Reopen Discovery*, doc. 105.] And Plaintiff has repeatedly made unsupported attacks on counsel's integrity and ethics.

Defendants seek an award of fees and costs incurred in responding to the instant sanctions motion and an order precluding Plaintiff from filing any additional motions regarding discovery in this case. They also request the Court to admonish Plaintiff that the continued failure to obey the Court's orders may lead to dismissal with prejudice of her lawsuit. *See Chambers*, 501 U.S. at 45 ("[O]utright dismissal of a lawsuit … is a particularly severe sanction, yet is within the court's discretion."). The undersigned does not take the request for monetary, or any, sanctions lightly. But given the record of Plaintiff's repetitive and unreasonable filings seeking sanctions and re-opening of discovery, and her failure to heed the Court's warning to be careful in making accusations challenging counsel's integrity, the undersigned concludes that sanctions should be imposed against Plaintiff.

The undersigned recommends the following sanction: that Plaintiff be admonished that any further motion or request for sanctions, any further motion or request to re-open discovery or conduct discovery, and any further baseless accusation of unprofessional conduct or bad faith directed at Defendant(s) and/or defense counsel, specifically including Attorney Guevara, will be subject to further sanctions, including payment of the Defendants' attorney fees and costs incurred in responding to such a

11

motion, request, or accusation, and up to and including dismissal of this action with prejudice.

*Conclusion*

For the foregoing reasons, the undersigned recommends that *Plaintiff's Motion for Sanctions for Discovery Abuse and Spoliation of Evidence by the Defendants Executive Management Services Inc. and Counsel for the Defense Greg Guevara* (doc. 100) be **denied** and that *Defendants' Cross-Motion for Sanctions* (doc. 107) be **granted** and that Plaintiff be admonished accordingly as set forth above.

**DATED**:  05/18/2016

*Denise K. LaRue* (signature)
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

**Notice Regarding Objections**

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  The district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).  Failure to file an objection may result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed.  *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**The parties should not expect extensions of time to file either objections or responses. No replies will be permitted.**

Electronic Distribution to All Counsel of Record
and to Plaintiff via First Class U.S. Mail:
JANADA GARNER
5810 Big Oak Drive, Apt. B
Indianapolis, IN 46254